1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  PETER A. MESHOT, State Bar No. 117061
   Supervising Deputy Attorney General
3  JOHN C. BRIDGES, State Bar No. 248553
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 322-6453
6    Fax: (916) 322-8288
     E-mail: John.Bridges@doj.ca.gov
7  *Attorneys for Defendants*
   *Haroldsen and Hannon*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSHUA HARMON AND JENEA HARMON,**<br><br>Plaintiffs,<br><br>v.<br><br>**DEPARTMENT OF JUSTICE, STATE OF CALIFORNIA, AGENT M. HAROLDSEN individually, AGENT TERESA HANNON individually, and DOES 1-30, inclusive,**<br><br>Defendants. | 1:16-cv-00246-LJO-BAM<br><br>**STIPULATION TO EXTEND DISCOVERY CUT-OFF DATES AND ORDER** |

**I.**

**INTRODUCTION**

The parties, Plaintiffs Joshua Harmon and Jenea Harmon (collectively "Plaintiffs") and Defendants Depart of Justice, State of California, Agent M. Haroldsen, and Agent Teresa Hannon (collectively "Defendants"), through their respective attorneys of record, hereby jointly stipulate to a 60-day extension of the currently scheduled discovery deadlines as set forth below.

///

///

## II.

## **RECITALS/GROUNDS FOR RELIEF**

Pursuant to Rule 16, a party make seek modification of a scheduling order, including modification of a discovery cut-off date, "only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a scheduling deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Schaffner v. Crown Equipment Corporation*, No. C 09-00284 SBA, 2011 WL 6303408, at *2 (N.D. Cal. Dec. 16, 2011) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party may establish good cause by showing

> (1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the order.

*Hood v. Hartford Life & Accident Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (citation omitted).

The current deadline to complete all non-expert discovery is March 3, 2017.

The parties stipulate and agree to extend the non-expert discovery cut-off deadline because additional time is needed to adequately and fairly complete the discovery process.

The parties are currently and diligent negotiating to resolve various scheduling issues in terms of party and witness deposition to completely non-expert discovery in the most efficient manner possible.

The current non-expert discovery deadline is fast approaching and is putting pressure on the parties, thereby creating a situation that may become more adversarial than otherwise need be.

Extending the non-expert discovery deadline pursuant to this stipulation will allow the parties an opportunity to negotiate informally to complete the discovery process without further involvement of the court.

The parties make this request to extend the discovery cut-off date after ultimately concluding that avoiding this request is not feasible.

AND , THE PARTIES STIPULATE AND AGREE TO THE FOLLOWING:

1. To extend the non-expert discovery cut-off deadline 60 days, to May 2, 2017.

**SO STIPULATED.**

Dated:  February 23, 2017                                   **WILLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**

*/s/ Jeffrey W. Eisinger*

JEFFREY W. EISINGER
*Attorneys for Plaintiffs*
*Joshua and Jenea Harmon*

Dated:  February 23, 2017                                   **DEPUTY ATTORNEY GENERAL**

*/s/ John C. Bridges*

JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants*
*Haroldsen and Hannon*

### ORDER

The Court does not find good cause to extend non-expert discovery cut-off 60 days, considering expert discovery cut-off and other pretrial dates.  The Court finds good cause to extend the discovery deadline, in light of scheduling conflicts, for 30 days until April 3, 2017.

IT IS SO ORDERED.

Dated:   **February 24, 2017**            /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE