UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSHUA HARMON and JENEA HARMON,** | **1:16-cv-00246-LJO-BAM** |
| **PlaintiffS,** | **ORDER RE DEFENDANTS' MOTION IN LIMINE** |
| **v.** | |
| **Agent MICHAEL HAROLDSEN, individually, and Agent TERESA HANNON, individually,** | **(ECF NO. 21)** |
| **Defendants.** | |

This action arises out of the February 3, 2015 search of a residence owned by Plaintiffs Joshua and Jenea Harmon by Defendants California Department of Justice Agents Michael Haroldsen and Teresa Hannon. *See generally* ECF No. 6 (First Amended Complaint ("FAC"). Plaintiffs bring claims under 42 U.S.C. § 1983 ("§ 1983") alleging Defendants used excessive and unreasonable coercion to elicit Jenea Harmon's consent to search the home (*id*. at ¶ 24), and wrongfully detained Jenea Harmon against her will. *Id*. at ¶¶ 29-31. Plaintiffs also bring related state law claims. *Id*. at ¶¶ 32-41. Trial is set for November 14, 2017. Before the Court for decision is Defendants' sole motion *in limine*. ECF No. 21.

The Court finds the motion suitable for decision on the papers without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, the motion is DENIED

It is undisputed that, prior to the search, Joshua Harmon applied for a firearms permit after his father gifted him a firearm. During the course of a routine background check in connection with that application, California Department of Justice records erroneously indicated that Joshua Harmon was a felon and thus was prohibited from owning a firearm. Upon learning of the error, Joshua Harmon pursued appropriate channels to correct the erroneous record. However, it is undisputed that at the time of the search, Defendants reasonably believed that Joshua Harmon unlawfully kept a weapon inside his home. It is also undisputed that after the search, Joshua Harmon was arrested for being a felon in possession of a firearm. Thereafter, Defendant Hannon requested prosecution on that charge, but the Fresno County District Attorney did not pursue the case.

Defendant moves *in limine* to preclude Plaintiff from introducing evidence that the criminal prosecution request made by Defendant Hannon came to a conclusion without any criminal proceeding. Defendant argues that any such evidence is irrelevant to resolution of Plaintiffs' claims concerning the search of Plaintiffs' home and the alleged detention of Jenea Harmon. ECF No. 21 at 2. Defendant also argues that any such evidence is confusing, misleading and unfairly prejudicial to the Defendants because "[t]he jury may be misled that a lack of a criminal prosecution means that Defendants did not have a reasonable belief that Plaintiff Joshua Harmon was violating the law by possessing a firearm." *Id*.

As to relevance, as Plaintiffs explain in their opposition, ECF No. 22, any evidence pertaining to charges sought against Joshua Harmon and/or the resolution of those charges goes to damages, not liability. At this stage, based upon the proffer offered by Plaintiffs indicating that the arrest and threat of prosecution caused them direct and cognizable harm, the Court cannot conclude that such evidence is irrelevant to damages. Defendants' motion is DENIED on that ground.

As to the potential for prejudice to Defendants, *Borunda v. Richmond*, 885 F.2d 1384 (9th Cir. 1988), indicates that such evidence may be permitted if accompanied by an appropriate limiting

2

instruction. Therefore, to the extent Defendants' motion is based on prejudice, it is DENIED. Defendants may include a limiting instruction in their proposed instructions, however both sides should first meet and attempt to reach an agreement as to its wording.

## **CONCLUSION**

For the reason set forth above, Defendants' motion *in limine* is DENIED.

IT IS SO ORDERED.

Dated: __**November 1, 2017**__  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE