# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HARMON and JENEA HARMON,<br><br>Plaintiffs,<br><br>v.<br><br>Agent MICHAEL HAROLDSEN, individually, and Agent TERESA HANNON, individually,<br><br>Defendants. | 1:16-cv-00246-LJO-BAM<br><br>**ORDER RE DEFENDANTS' MOTION FOR RECONSIDERATION RE MOTION IN LIMINE**<br><br>(ECF NO. 24) |

This action arises out of the February 3, 2015 search of a residence owned by Plaintiffs Joshua and Jenea Harmon by Defendants California Department of Justice Agents Michael Haroldsen and Teresa Hannon. *See generally* ECF No. 6 (First Amended Complaint ("FAC"). Plaintiffs bring claims under 42 U.S.C. § 1983 ("§ 1983") alleging Defendants used excessive and unreasonable coercion to elicit Jenea Harmon's consent to search the home (*id.* at ¶ 24), and wrongfully detained Jenea Harmon against her will. *Id.* at ¶¶ 29-31. Plaintiffs also bring related state law claims. *Id.* at ¶¶ 32-41. Trial is set for November 14, 2017.

Before the Court for decision is Defendants' motion for reconsideration, ECF No. 24, of this Court's November 1, 2017 Order denying Defendants' motion *in limine*. ECF No. 23. For the reasons set forth below, the Court GRANTS the motion in part insofar as it requests correction of a factual misstatement, but DENIES the motion in all other respects.

First, Defendants are correct that the Court incorrectly stated in the November 1, 2017 Order that it was "undisputed that after the search, Joshua Harmon was arrested for being a felon in possession of a firearm." ECF No. 23 at 2. As this is an inaccurate reflection of the record, this factual background statement is withdrawn. However, the Court does not believe that this misstatement was material to its decision. The motion *in limine* concerned whether Plaintiffs may offer at trial damages evidence that Plaintiff James Harmon was threatened with prosecution. While an arrest might have gone to the weight of that evidence, the absence of an arrest is not dispositive of the admissibility of any other evidence pertaining to the threat of prosecution.

Next, Defendants argue that because there is no false arrest claim in this case, there is no cause of action related to the prosecution recommendation, and therefore allowing presentation of alleged damages flowing from that prosecution recommendation would be unduly prejudicial to Defendants. ECF No. 24 at 2. More directly, Defendants argue: "the claim for damages is irrelevant to the claims asserted in this case." *Id*.[1] The Court does not agree. "A plaintiff who establishes liability for deprivations of constitutional rights actionable under [] § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations." *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1989). "Section 1983 imposes a causation requirement similar to that of

---

[1] This is similar to an argument Defendants' raised previously in their motion *in limine*. ECF No. 21 at 2. Generally, reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The Court will assume for purposes of the present motion that Defendants are suggesting that the Court committed clear error in its application of the relevant law.

2

ordinary tort law." *Maldonado Santiago v. Velazquez Garcia*, 821 F.2d 822, 831 (1st Cir. 1987); *see also Reich v. Minnicus*, 886 F. Supp. 674, 684-85 (S.D. Ind. 1993); *Campbell v. City of Bakersfield*, No. CIV F04-5585 AWI TAG, 2006 WL 2054072, at *18-19 (E.D. Cal. July 21, 2006) (citing *Reich* with approval).

In *Reich*, the district court pointed out, persuasively, that "[w]hen a plaintiff seeks to recover damages for injuries suffered during successive steps of state action—e.g., search, arrest, interrogation, detention, and trial—each stage of conduct must be separately judged by the constitutional standard applicable to the particular right violated. . . . However, a plaintiff who suffers a constitutional deprivation early-on may, under § 1983, recover for his later injuries, even during later constitutional stages in the process, if the injuries are reasonably foreseeable consequences of the earlier deprivation of rights." *Reich*, 886 F. Supp. at 685. "[T]he chain of causation set in motion by the initial act of misconduct of one actor can be broken by the acts of a third party. For example, police officers have been held to be insulated from liability for deprivations of liberty where there are independent, intervening acts of other decision-makers in the criminal justice system, such as prosecutors, grand juries, or judges." *Alvarez–Machain v. United States*, 331 F.3d 604, 636 (9th Cir. 2003) (en banc), *rev'd on other grounds*, *Sosa v. Alvarez-Machain*, 542 U.S. 692, 703 (2004). As the district court in *Campbell* summarized:

> [T]he independent judgment of a prosecutor, grand jury, judge, or jury may break the chain of causation and prevent damages for a criminal trial (including attorney's fees), conviction, incarceration, and aggravation of the plaintiff's condition, unless the plaintiff can show that such intervening acts were the result of deception or undue pressure by a defendant. *See Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994); *Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir. 1991) (holding that judgment of a prosecutor may prevent damages if that judgment so independent so as to "be considered the proximate cause of the subsequent criminal proceedings"); *Borunda*, 885 F.2d at 1390; *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989); *Smiddy v. Varney*, 665 F.2d 261, 266–67 (9th Cir. 1981).

2006 WL 2054072, at *19.

Here, while at some point the chain of causation may have been cut off by an independent actor, Plaintiffs apparently do not seek to offer evidence beyond that point. Rather, they seek to offer evidence of recommendations made by Defendant Hannon regarding charges she thought should be brought against Plaintiff Joshua Harmon. At this time, the Court does not have reason to believe that any intervening act cut off the chain of causation. As mentioned in the November 1, 2017 Order, per the holding in *Borunda*, 885 F.2d 1384, Defendants may include a limiting instruction in their proposed instructions.[2]

Finally, Defendants again raise the matter of state law immunities pertaining to any recommendation Defendant Hannon made to the District Attorney.[3] ECF No. 24 at 2. However, because these immunities do not apply to claims brought under § 1983, *see Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004), their existence is not dispositive of the admissibility of the evidence in connection with § 1983 damages, although it may be relevant to the wording of any limiting instruction(s) given by the Court in connection with the disputed evidence discussed herein.

## **CONCLUSION**

For the reasons set forth above, the Court corrects its prior order to the extent it erroneously stated that Joshua Harmon had been arrested in connection with the events at issue in this case. Defendants' request for reconsideration of the November 1, 2017 Order denying Defendants' motion *in limine* is otherwise DENIED.

IT IS SO ORDERED.

Dated: __November 6, 2017__        _____/s/ Lawrence J. O'Neill_____
                                                        UNITED STATES CHIEF DISTRICT JUDGE

---

[2] Whether evidence of what Defendant Hannon recommended is otherwise admissible is not before the Court at this time. For example, proper foundation for any such evidence, including how, when, and to what extent either Plaintiff was aware of any such recommendation, will be required.

[3] Specifically, California Government Code § 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

4