UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HARMON and JENEA HARMON,<br><br>Plaintiffs,<br><br>v.<br><br>Agent MICHAEL HAROLDSEN, individually, and Agent TERESA HANNON, individually,<br><br>Defendants. | 1:16-cv-00246-LJO-BAM<br><br>ORDER RE DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF DEFENDANTS' PERSONAL ASSETS AND FINANCIAL CONDITION UNTIL A RIGHT TO PUNITIVE DAMAGES IS ESTABLISHED<br><br>(ECF NO. 36) |

This action arises out of the February 3, 2015 search of a residence owned by Plaintiffs Joshua and Jenea Harmon by Defendants California Department of Justice Agents Michael Haroldsen and Teresa Hannon. *See generally* ECF No. 6 (First Amended Complaint ("FAC"). Plaintiffs bring claims under 42 U.S.C. § 1983 ("§ 1983") alleging Defendants used excessive and unreasonable coercion to elicit Jenea Harmon's consent to search the home (*id*. at ¶ 24), and wrongfully detained Jenea Harmon against her will. *Id*. at ¶¶ 29-31. Plaintiffs also bring related state law claims. *Id*. at ¶¶ 32-41. Trial is set for November 28, 2017.

1

Plaintiffs seek punitive damages against Defendants for the alleged § 1983, false imprisonment, and Bane Act claims. On November 6, 2017, Defendants filed a memorandum requesting that the Court preclude Plaintiffs from introducing evidence of their personal financial conditions, including personal assets, unless and until Plaintiffs establish a right to punitive damages. Plaintiffs have not responded to Defendants' request.[1]

Evidence of each Defendant's personal financial conditions is relevant in this case if, and only if, Plaintiffs are able to establish that they are entitled to punitive damages – *i.e.* if they are able to state a "prima facie case of oppression, fraud, or malice." *999 v. C.I.T. Corp.*, 776 F.2d 866, 872-73 (9th Cir. 1985). Otherwise, presentation of such evidence would be "distracting and prejudicial." *Id.*; *see also* Fed. R. Evid. 403. Therefore, the request to exclude evidence of Defendants' personal financial condition unless and until Plaintiffs establish that they are entitled for punitive damages is GRANTED. There will be no mention of "punitive damages" unless and until the jury makes the prerequisite finding.

IT IS SO ORDERED.

    Dated:   **November 13, 2017**          **/s/ Lawrence J. O'Neill**
                                                     UNITED STATES CHIEF DISTRICT JUDGE

---

[1] The Court notes that Defendants "memorandum" is essentially a late-filed pretrial motion. (ECF No. 20.) However, because the Court would have made and granted the requested relief *sua sponte* in accordance with the applicable law and efficient trial management, the Court has considered the late-filed request. Defendants are admonished to obey all applicable deadlines in the future.